```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION

DEUTSCHE BANK NATIONAL TRUST     )
COMPANY, AS TRUSTEE FOR,         )
AMERIQUEST MORTGAGE SECURITIES,  )
INC. ASSET-BACKED PASS-THROUGH   )
CERTIFICATES, SERIES 2006-R1,    ) CASE NO.
                                 )
      Plaintiff,                 )
                                 )
  v.                             )
                                 )
DANIEL W. BISHOP                 )
                                 )
      Defendant.                 )
```

## COMPLAINT FOR FORECLOSURE OF REAL PROPERTY AND RELATED RELIEF

Plaintiff files its Complaint as follows:

1. Deutsche Bank National Trust Company, as Trustee For, Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2006-R1, ["Plaintiff"] is a bank organized and operated under federal law, with its principal place of business in California, of which it is a citizen for purposes of diversity jurisdiction.

2. Defendant Daniel W. Bishop ["Defendant Bishop"] may be served at 6865 Earlhurst Road, Atlanta, Fulton County, Georgia 30349, or any other place he may be found, who is a citizen of Georgia for purposes of diversity jurisdiction.

3. Pursuant to 28 U.S.C. § 1332 (a), the Court has diversity jurisdiction over this action because there is complete

diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, which is inclusive of damages and per the value of the real property. ***Occidental Chem. Corp. v. Bullard***, 995 F.2d 1046 (11th Circuit) The property value may be determined by the instrument governing the property. ***Waller v. Professional Ins. Corp.***, 296 F.2d 545, 547 (5th Circuit 1961) ***Burks v. Texas Co.***, 211 F.2d 443 (5th Circuit 1954) *See also* ***Ebensberger v. Sinclair Refining Co.***, 165 F.2d 803, 805 (5th Cir.), *cert. denied,* 335 U.S. 816, 69 S. Ct. 35, 93 L. Ed. 371 (1948); *cf.* ***Stinson v. Dousman***, 61 U.S. (20 How.) 461, 466-67, 15 L. Ed. 966, 969 (1857) (equating value with contract price and finding the jurisdictional amount to be in controversy). Similarly, "in actions seeking declaratory or injunctive relief, it is established that the amount in controversy is measured by the value of the object of the litigation." ***Occidental*** citing ***Hunt v. Washington State Apple Advertising Commission***, 432 U.S. 333, 347-48, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977).

    4.    Under 28 U.S.C. §1391 and § 90, venue is proper in the Court as the Defendant resides in the judicial district where this action is brought, a substantial part of the events or omissions giving rise to the claim occurred in this District and the Property that is the subject of this action is located in this District.

5.   Per a Plat, recorded at Fulton County Plat Book 96, Page 86, the Property forming the basis for this action is described as follows:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOTS 157 & 164, OF THE 13TH DISTRICT OF FULTON COUNTY, Georgia, BEING LOT 16, BLOCK C, UNIT ONE, HALLIE HILLS SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 96, PAGE 86, FULTON COUNTY RECORDS, TO WHICH REFERENCE IS MADE FOR THE PURPOSE OF INCORPORATING THE SAME AS A PART HEREIN.

6.   On 7/5/90, Toney E. Means, then-owner of the Property executed a Security Deed with Financial Programs, Inc., a former Georgia Corporation, securing the Property as collateral for a Promissory Note for $16,000.00, per a Security Deed recorded at Fulton County Deed Book 13575, Page 308, per a precise copy of same incorporated as **Exhibit 1.**

7.   Subsequently, although a formal satisfaction of debt was not recorded, Mr. Means satisfied the Financial Programs, Inc. Deed, as evidenced by his affidavit and exhibits recorded at Fulton County Deed Book 16257, Page 314, per a precise recorded copy of same incorporated as **Exhibit 2.**

8.   Financial Programs, Inc. no longer exists, as the corporation was administratively dissolved by the Georgia Secretary of State on 7/1/93, per a precise copy of the records of the Georgia Secretary of State attached as **Exhibit 3.**

9.   Title to the Property then vested in Mary Teresa Lucas Means, per a Quitclaim Deed to her, recorded at Fulton County Deed

Book 23528, Page 342, per a precise copy of same attached as **Exhibit 4.**

10. On or about 10/18/99, Defendant Bishop obtained sole legal title to the Property per a Warranty Deed recorded at Fulton County Deed Book 27850, Page 167, per a precise recorded copy of same incorporated as **Exhibit 5.**

11. On or about 11/11/05, Defendant Bishop executed a Security Deed with Ameriquest Mortgage Company, encumbering the Property as collateral for a promissory note for $131,400.00, recorded at Fulton County Deed Book 41408, Page 657, per a precise copy of the Note incorporated as **Exhibit 6** and per a precise recorded copy of the Security Deed attached as **Exhibit 7**. [the "Instruments"]

12. On or about 1/20/09, the Security Deed was assigned to Plaintiff, per an assignment recorded at Deed Book 47617, Page 351, per a precise copy of same incorporated as **Exhibit 8.**

13. Defendant Bishop defaulted on the Instruments, the balance of which was accelerated.

14. However, Plaintiff discovered that a satisfaction had not been recorded for the Financial Programs, Inc. Security Deed and also discovered that its Security Deed lacks a power of sale for a non-judicial foreclosure, requiring the filing of this action.

4

**COUNT I: DECLARATORY AND EQUITABLE RELIEF**

15. ¶ 1-14 are incorporated by reference.

16. The intent of the parties to the Instruments was clearly to provide a senior, first-lien interest in the Property to the Plaintiff, in exchange for consideration, namely the indebtedness evidenced by the Instruments.

17. It would be unjust and inequitable to permit Plaintiff's superior and valid legal title to the Property to be clouded by the unsatisfied Financial Programs, Inc. Deed, contrary to the intent of the parties.

18. Lacking an adequate remedy at law, pursuant to 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 44-14-3 and O.C.G.A. § 23-1-1 *et seq* and the Court's equitable powers, Plaintiff requests that the Court enter a judgment and decree, declaring and establishing that the Financial Programs, Inc. Deed is satisfied and cancelled of record and that Plaintiff holds the senior lien interest in the Property, relating back to the date of recordation of the Means Affidavit, correcting the real estate records of Fulton County *instanter*.

**COUNT II: SUIT ON NOTE AND ATTORNEY'S FEES**

19. ¶ 1-18 are incorporated by reference.

20. Defendant Bishop failed to make scheduled payments under the Instruments which are in default and Plaintiff

accelerated payment of the balance, of which he was provided with notice.

21. Defendant Bishop is indebted to Plaintiff for the unpaid balance of the Instruments, plus interest, attorney's fees, costs and other charges as provided by the Instruments.

22. Accordingly, Plaintiff demands judgment against Defendant Bishop for the sums due on the Instruments.

23. Per O.C.G.A. § 13-1-11, Defendant Bishop is notified that, unless all principal, interest and other charges due to Plaintiff under the Instruments are paid within ten (10) days of the date of service of the Complaint, then Plaintiff shall be entitled to enforce and invoke the attorney's fees provisions of the Instruments and he shall be further indebted to Plaintiff for attorney's fees and costs.

### COUNT III: FORECLOSURE OF REAL PROPERTY

24. ¶ 1-23 are incorporated by reference.

25. All interests in the Property are subject, subordinate and inferior to Plaintiff's Security Deed, which is in default.

26. Per 28 U.S.C. § 2201 *et seq*, 28 U.S.C. § 2001, *et seq* O.C.G.A. § 44-14-49, *et seq* and the Court's equitable powers, Plaintiff requests that the Court enter a judgment and decree of foreclosure and sale, declaring and establishing that Plaintiff holds the senior lien interest in the Property, its fixtures, appurtenances, applicable contents and applicable insurance

policies, establishing the sums due under the Instruments, including principal, interest, late charges, abstracting, taxes, expenses, attorney's fees and costs, declaring all other claims and interests as inferior and subordinate, which are barred and foreclosed from any right, title, interest, equity of redemption and claim in the Property, awarding an applicable deficiency judgment, costs and attorney's fees, as well as rent and/or possession of the Property to itself or any purchaser at foreclosure sale.

27. Upon information and belief, the individual Defendant is not currently in the military, has not been in the military for the last thirty (30) days, and is not subject to protection under the Service Members Civil Relief Act.

WHEREFORE, Plaintiff prays for the following relief:

a) That under <u>Count I</u>, the Court enter a judgment and decree, declaring and establishing that the Financial Programs, Inc. Deed is satisfied and cancelled of record and that Plaintiff holds the senior lien interest in the Property, relating back to the date of recordation of the Means Affidavit, correcting the real estate records of Fulton County *instanter*; and

b) That under <u>Count II</u>, the Court enter a judgment for the sums due on the Note and for attorney's fees against Defendant Bishop; and

c) That under Count III, the Court enter a judgment, decree of foreclosure and sale, declaring and establishing that Plaintiff holds the senior lien interest in the Property, its fixtures, appurtenances, applicable contents and applicable insurance policies, establishing the sums due under the Note and Security Deed, including principal, interest, late charges, abstracting, taxes, expenses, attorney's fees and costs, declaring all other claims and interests as inferior and subordinate, which are barred and foreclosed from any right, title, interest, equity of redemption and claim in the Property, awarding an applicable deficiency judgment, costs and attorney's fees, as well as rent and/or possession of the Property to itself or any purchaser at foreclosure sale; and

d) For such other just and proper relief.

**CERTIFICATE OF COMPLIANCE**

Per L.R. 5.1(C), I certify this pleading was prepared per L.R. 5.1(B) in Courier New, 12 point typeface.

Respectfully submitted this 2nd day of July, 2010.

> By: */s/ Paul G. Wersant*
> Paul G. Wersant
> Georgia Bar No. 748341
> JOHNSON & FREEDMAN, L.L.C
> 1587 Northeast Expressway
> Atlanta, Georgia 30329
> Telephone: (770) 234-9181 x8880
> Facsimile: (404)329-8010
> Email: pgwersant@jflegal.com
> Attorneys for Plaintiff